## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| ALESHIA LANE, ET AL. | CIVIL ACTION NO. 22-188 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| WALMART INC | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM ORDER

Before the Court is a motion for reconsideration, filed by Defendant Walmart Inc. ("Walmart") [Record Document 34]. The motion has been fully briefed. For the reasons below, Defendant's motion is **DENIED**.

### I.   Background

Previously, Walmart filed a motion for summary judgment in which it argued that Plaintiffs—Aleshia Lane ("Mrs. Lane"), Richard Lane ("Mr. Lane"), and their minor children—lacked "competent evidence" that it had actual or constructive notice of an oil spill that caused Mrs. Lane to slip and fall in its store. Record Document 19-2 at 5. Plaintiffs argued that the deposition testimony of Arthur Hampton ("Hampton") supported a finding that Walmart had actual notice of the spilled oil; alternatively, the deposition supported a finding that Walmart had constructive notice of the hazardous condition. Hampton, an employee at the Walmart store, testified that he learned of the spill when a customer reported it to him. Record Document 22-3 at 4 (Hampton Dep. at 12:1-5). He further testified that when he went to clean the spill, he was confronted by Mrs. Lane, who claimed that she had slipped and fell on the oil. *Id.*

The Court denied Defendant's motion, finding that Plaintiffs' claims survived summary judgment because Hampton's deposition showed that there were genuine issues of fact regarding both actual and constructive notice. Record Document 28 at 7, 10. According to Walmart, the Court should reconsider its ruling because its findings were "a manifest error of law or fact." Record Document 34-1 at 1.

## II.   Law and Analysis

The Federal Rules of Civil Procedure do not expressly recognize a motion for reconsideration. Under Rule 54(b) of the Federal Rules of Civil Procedure, the Court has broad discretion to "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981) (citations omitted). As such, the Court may reconsider its previous denial of Defendant's motion for summary judgment.

As previously mentioned, Walmart's motion for reconsideration centers on the argument that Plaintiffs failed to provide any positive evidence that proves Walmart had actual or constructive notice of the hazardous condition. Because Walmart claims that Plaintiffs failed to meet their burden at summary judgment, the Court will first begin with a restatement of the summary judgment standard.

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to

2

judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. *See id.* at 322-23.

If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact, the non-movant must demonstrate that there is, in fact, a genuine issue for trial by going "beyond the pleadings and designat[ing] specific facts" for support. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). "This burden is not satisfied with some metaphysical doubt as to the material facts," by conclusory or unsubstantiated allegations, or by a mere "scintilla of evidence." *Id.* (internal quotation marks and citations omitted). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence in support of the non-movant is so "weak or tenuous" that it could not support a judgment in the non-movant's favor. *Armstrong v. City of Dall.*, 997 F.2d 62, 67 (5th Cir. 1993).

Walmart argues that the Court erred because there was no positive evidence indicating that it had actual or constructive notice of a spilled substance on the floor. Record Document 34-1 at 4. In contrast, Plaintiffs argue that Hampton's deposition constitutes positive evidence in support of their claims. Record Document 36 at 4. The Court agrees. Plaintiffs are only required to go "beyond the pleadings" in proving that a genuine dispute

3

of fact exists. *Little*, 37 F.3d at 1075 (citing *Celotex*, 477 U.S. at 322). Plaintiffs did just that, submitting deposition testimony—positive evidence—by Walmart's own employee where he admits that he was told of the spilled oil before he was confronted by Mrs. Lane after her fall. Record Document 22-3 at 4 (Hampton Dep. at 12:1-7). The Court's memorandum ruling was governed by the aforementioned summary judgment standard, which does not require that Plaintiffs *prove* actual or constructive notice; instead, Plaintiffs must show that a genuine dispute of fact exists. For the reasons enumerated in greater depth in its memorandum ruling [Record Document 34], Plaintiffs have met their burden. Walmart does not present any new issues or evidence that would necessitate the Court reassess its previous holding.

### III.   <u>Conclusion</u>

For the reasons stated above, Defendant's motion for reconsideration [Record Document 34] is **DENIED**.

**THUS DONE AND SIGNED** this 12th day of July, 2023.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE